## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PATRICIA M. BELL,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0385**  (BOR Appeal No. 2046538)
(Claim No. 2007004705)

**WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Patricia M. Bell, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Department of Health & Human Resources, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 28, 2012, in which the Board reversed the September 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 3, 2011, decision which denied Ms. Bell's request to reopen her claim on a temporary total disability benefits basis. The Office of Judges reopened the claim and granted Ms. Bell temporary total disability benefits from April 8, 2011, through June 16, 2011. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the decision of the Board of Review is based on the Board's material misstatement or mischaracterization of particular components of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Bell worked for the West Virginia Department of Health & Human Resources. On February 12, 2007, Ms. Bell was involved in a motor vehicle accident in the course of and resulting from her employment. The accident resulted in a severe trauma to Ms. Bell's hip requiring immediate surgical repair. In his operative report, Dr. Shuler noted that there was a risk

1

that Ms. Bell would need a total hip replacement in the future. Dr. Shuler also stated that this risk may be even higher because Ms. Bell had arthritis in her hips which pre-existed the fracture. Ms. Bell's claim was held compensable for a closed fracture of the acetabulum. Following a course of treatment, Ms. Bell was found to have reached the maximum degree of medical improvement. But on February 7, 2011, Ms. Bell submitted an application to have her claim reopened for temporary total disability benefits. In her application, Ms. Bell alleged that she had suffered an aggravation or progression of her former injury including severe hip pain which limited her ability to walk. On March 3, 2011, the claims administrator denied Ms. Bell's request to reopen the claim. But on April 8, 2011, Ms. Bell underwent a total right hip replacement. Ms. Bell missed work due to the procedure but returned to work on June 16, 2011. On September 27, 2011, the Office of Judges reversed the claims administrator's denial of Ms. Bell's reopening request. The Office of Judges then granted Ms. Bell temporary total disability benefits for the period of April 8, 2011, to June 16, 2011, and thereafter as documented by medical evidence showing that she continued to be temporarily and totally disabled. But on February 28, 2011, the Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decision, leading Ms. Bell to appeal.

The Office of Judges concluded that Ms. Bell's total hip replacement was directly related to her compensable injury. The Office of Judges then concluded that the surgery resulted in an aggravation and progression of her compensable injury and that she was temporarily and totally disabled while she recovered from the surgery. The Office of Judges found that Ms. Bell has suffered a significant trauma to the hip as a result of the motor vehicle accident. It also noted that at the time of the injury, Dr. Shuler has indicated that it was likely that Ms. Bell would need a total hip replacement in the future. The Office of Judges found that at the time of the hip replacement, Dr. Shuler stated that surgery was needed to relieve the pain related to post-traumatic arthritis. The Office of Judges found that Ms. Bell's post-traumatic arthritis was directly related to her compensable injury. Based on these findings, the Office of Judges determined that Ms. Bell was entitled to temporary total disability benefits for the period of April 8, 2011, through June 16, 2011.

The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decision. The Board of Review concluded that the record did not demonstrate that the total hip replacement surgery was authorized or that the condition which necessitated the surgery was a compensable component of the claim. The Office of Judges found that the total hip replacement was related to Ms. Bell's pre-existing arthritis and not her compensable hip fracture.

The conclusion of the Board of Review was based on a material misstatement and mischaracterization of particular components of the evidentiary record. Ms. Bell has presented sufficient evidence to justify reopening her claim because her application for reopening alleged that her condition has progressed to the point where she had difficulty walking and putting weight on her hip. This evidence tends to justify an inference that there was a progression or aggravation of her former hip fracture. *Harper v. State Workmen's Comp. Comm'r*, 160 W.Va. 364, 364, 234 S.E.2d 779, 780 (1977). Ms. Bell has also demonstrated that she is entitled to temporary total disability benefits for the period when she was recovering from her total hip replacement. Immediately following her automobile accident, Dr. Shuler indicated that Ms. Bell

2

would likely need a total hip replacement in the future. The replacement was performed on April 8, 2011, and Ms. Bell was temporarily and totally disabled until she returned to work on June 16, 2011. The medical evidence in the record demonstrates that the period of Ms. Bell's disability was directly related to her injury on February 12, 2007. For these reasons, Ms. Bell is entitled to temporary total disability benefits for the period of April 8, 2011, through June 16, 2011, during which time she was recovering from her total hip replacement surgery.

For the foregoing reasons, we find that the decision of the Board of Review is based on the Board's material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the case is remanded to the Board of Review with directions to reinstate the September 27, 2011, Order of the Office of Judges.

Reversed and remanded.

**ISSUED:  December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3